OPINION
{¶ 1} On July 28, 1991, Jeffrey Greene was operating a vehicle in which his wife, Kande Greene, was a passenger. At the time, Ms. Greene was seven and one-half months pregnant. A vehicle operated by James Wright struck the Greene vehicle. Several hours after the accident, Ms. Greene went into premature labor and gave birth by emergency C-Section to Nathaniel Greene. Nathaniel suffered brain damage, including cerebral palsy and delayed development.
 {¶ 2} At the time of the accident, Mr. Greene was employed with Rainbow Home Rentals, Inc., which was insured under a business automobile policy and an umbrella policy issued by appellant, Aetna Casualty 
Surety Company (now Travelers Casualty Surety Company).
 {¶ 3} On March 11, 1996, appellant, after receiving notification from the attorney for Nathaniel Greene of a possible claim, denied UIM coverage to Nathaniel Greene. Appellant denied coverage on the basis that the Greenes did not qualify as "insureds" under Rainbow Home Rental's business auto policy and were not occupying a covered vehicle at the time of the accident. Subsequently, on May 4, 1998, James Wright, the underinsured motorist/tortfeasor, and his spouse were discharged in bankruptcy. In December of 1998 and January of 1999, Mr. and Ms. Greene, Nathaniel's parents, settled with the tortfeasor's insurance company for their own personal injuries, and also settled medical malpractice claims with various medical providers involving Nathaniel.
Thereafter on May 31, 2001, appellee, Kande Greene, as mother and next friend of Nathaniel Greene, a minor, filed a complaint on behalf of Nathaniel seeking underinsured motorist coverage from appellant. All parties filed motions for summary judgment. Pursuant to a Judgment Entry filed April 1, 2002, the trial court granted summary judgment in favor of appellee on the issue of coverage, and referred the matter to binding arbitration.
 {¶ 4} It is from the trial court's April 1, 2002, judgment entry that appellant now appeals, raising the following assignments of error:
 I {¶ 5} "The trial court erred by granting Appellee's Motion for Summary Judgment, denying Appellants' Motion for Summary Judgment, and finding UIM Coverages under the 1991 business auto policy issued by Aetna Casualty Surety Company (now Travelers Casualty Surety Company) to Rainbow Home Rentals, Inc., Wayland Russell, and Jason Alford.
 II {¶ 6} "The trial court erred by granting Appellee's Motion for Summary Judgment, denying Appellants' Motion for Summary Judgment, and finding UIM Coverages under the 1991 Umbrella Policy issued by Aetna Casualty Surety Company (now Travelers Casualty Surety Company) to Rainbow Home Rentals, Inc., Wayland Russell, and Jason Alford."
 I and II {¶ 7} Appellant, in its two assignments of error, argues that the trial court erred in granting appellee's motion for summary judgment and finding underinsured motorist coverage under the business auto policy and the umbrella policy issued by appellant. We disagree.
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall(1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt(1966), 75 Ohio St.3d 280.
 {¶ 9} It is based upon this standard we review appellant's assignment of error.
 {¶ 10} The business auto policy issued by appellant to Rainbow Home Rentals Inc., Mr. Greene's employer, contained express uninsured/underinsured motorist coverage. The trial court, in its April 1, 2002, entry, found said coverage provisions were ambiguous in defining an "insured" and therefore coverage existed by operation of law pursuant to Scott-Pontzerv. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116.
 {¶ 11} The Ohio UM/UIM Endorsement, which is part of Rainbow Home Rental's business auto policy, defines an "insured" as follows:
 {¶ 12} "1. You.
 {¶ 13} "2. If you are an individual, any `family member.'
 {¶ 14} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' * * *
 {¶ 15} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'" See, Section B of the Ohio Uninsured Motorists Coverage, attached to Appellant's Brief as Exhibit B-6. The identical language was contained in the policy in Scott-Pontzer, supra.
The business auto policy in the case sub judice further states "that the words `you' and `your' refer to the Named Insured shown in the Declarations." The named insureds listed in the declarations page are "Rainbow Home Rentals, Inc., Wayland J. Russell and Jason A. Alford."
Appellant, in its first assignment, specifically contends that because the declarations include named individuals as well as Rental Home Rentals, Inc., a corporation, the policy language is not ambiguous and therefore Scott-Pontzerdoes not apply. However, in the recent case of Burkhart v. CNA Ins. Co., Stark Appellate No. 2001CA00265, 2002-Ohio-903, this Court held that the rationale announced by the Ohio Supreme Court in Scott-Pontzer is applicable to policies which list both the corporation and also specific individuals as insureds. In Burkhart, we noted if the policies were only intended to afford coverage to the specific individuals named, then the inclusion of the corporation as a named insured is superfluous. Likewise in the case sub judice, if the policy was intended to only insure Wayland J. Russell and Jason A. Alford, then the corporation, Rainbow Home Rentals, would not have been listed as a named insured. See also Pahler v. Motorists Mut. Ins. Co., Stark App. No. 2002CA00022, 2002-Ohio-5762 and Still V. Indiana Ins. Co. (February 25, 2002), Stark App. No. 2001CA00300. Applying Scott-Pontzer, it is clear that Jeffrey Greene, as an employee of Rainbow Home Rentals, Inc., is entitled to UIM coverage under the business auto policy. As is stated above, the Ohio UM/UIM Endorsement defines an insured, in part, as follows: "If you are an individual, any `family member'. Since Nathaniel Greene is a "resident family member", he is an insured for purposes of UIM coverage under the business auto policy issued by appellant to Rainbow Home Rentals, Inc. See Scott-Pontzer, supra. and Ezawa v. Yasuda Fire Marine Ins. Co. (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142.
 {¶ 16} The next issue for consideration is whether Nathaniel Greene is entitled to UIM coverage under the umbrella policy issued by appellant. The excess umbrella policy issued by appellant in the case sub judice provides two million dollars in excess coverage for bodily injury and property damage. The umbrella policy provides coverage to the named insureds on the declarations page which are "Rainbow Home Rentals, Inc., Wayland J. Russell and Jason A. Alford." Such policy also provides coverage in pertinent part as follows:
 {¶ 17} "Any other person or organization insured under any policy of the `underlying insurance'. This grant is subject to all the limitations upon coverage under such policy other than the limits of the `underlying insurers' liability."
 {¶ 18} Because Nathaniel Greene is an insured for UM/UIM purposes under the "underlying [business auto] policy," he is entitled to UM/UIM coverage under the umbrella policy issued by appellant to Rainbow Home Rentals.
 {¶ 19} Thus, based on the foregoing, we find that the trial court properly held that Nathaniel Greene is an insured for UM/UIM purposes under the business auto and umbrella policies issued by appellant in this matter.
Appellant, in its second assignment of error, maintains that, even assuming that Nathaniel Greene is an insured under the business auto and umbrella policies issued by appellant, he is not entitled to UIM coverage under the same since the terms and conditions of such policies were breached. Appellant specifically contends that appellee did not give timely notice of the UIM claim and that, therefore, such claim is barred by the "prompt notice" and subrogation conditions of the business auto and umbrella policies.
 {¶ 20} The business auto policy issued by appellant to Rainbow Home Rentals, Inc. specifically states, in relevant part, as follows: `In the event of `accident', `claim', `suit' or `loss', you must give us or our authorized representative prompt notice of the `accident' or `loss'. In addition, the UM/UIM coverage form, which is part of the business auto policy, expressly provides as follows:
 {¶ 21} "2. Duties in the event of accident, claim, suit or loss is changed by adding the following:
 {¶ 22} "a. Promptly notify the police if a hit-and-run driver is involved, and
 {¶ 23} "b. Promptly send us copies of the legal papers if a suit is brought."
 {¶ 24} With respect to subrogation, the business auto policy requires that a person or organization "must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 25} In turn, the umbrella policy issued by appellant also requires "prompt notice" of an occurrence, claim, or suit. Moreover, such policy, in Section IV, Part 5(C), requires an insured to:
 {¶ 26} "(1) Cooperate with the `underlying' insurers';
 {¶ 27} "(2) Comply with the terms of the "underlying insurance"; and"(3) Pursue all rights of contribution or indemnity against any person or organization who may be liable to the insured because of "bodily injury", "property damage", "person [sic] injury" or "advertising injury" with respect to which insurance is provided under this or any policy of "underlying insurance".
 {¶ 28} As is stated above, the accident in the case sub judice occurred on July 28, 1991 While appellant now argues that the UIM claim is barred since the Greenes did not give notice of the UIM claim "until 2001 — long after the Greenes exhausted the Wrights' insurance proceeds, long after the Wrights discharged their liability to Nathaniel in bankruptcy, and long after the medical providers were released," we disagree. The record reveals that appellant received notice of Nathaniel Greene's UIM claim on February 2, 1996, and that, on March 11, 1996, appellant denied the same. As is stated above, the Wrights were discharged in bankruptcy in May of 1998. In addition, prior to the Ohio Supreme Court's June, 1999, decision in Scott-Pontzer, supra., the medical malpractice claims and litigation involving Nathaniel were settled and releases were given to his medical providers.
While appellant maintains that it was prejudice by the allegedly late notice of UIM claim[1], that appellant was not prejudiced is demonstrated by the deposition testimony of Michael Barnaba, appellant's own representative/adjuster. Barnaba, during his deposition[2], specifically testified that appellant was not actually prejudiced by the Greene's malpractice action or by James Wright's (the tortfeasor's) bankruptcy filing of January 9, 1998. As noted by appellee, with respect to the malpractice action, Barnaba admitted that not until the Scott-Pontzer decision was released in June of 1999 did anything new happen to change the assessment of UIM coverage under appellant's policies issued to rainbow Home Rentals. As noted by appellee in her brief, "[c]onsequently, after March 11, 1996 (denial of UIM coverage date) up until Scott Pontzer was decided on June 23, 1999, there was no reason for Nathaniel Greene to contact Travelers/Aetna about his UIM claim under the Travelers/Aetna policies." Barnaba further testified that appellee did not violate appellant's subrogation rights. The following is an excerpt from Barnaba's deposition testimony:
 {¶ 29} "Q. All right. Getting back to the subrogation issue, if the statute of limitations has not expired for Nathaniel Greene[3], and if Nathaniel Greene never released his personal injury claim against the tortfeasor, James Wright, then Nathaniel Greene has not violated or impaired your subrogation rights; would you agree with that?
 {¶ 30} "Mr. McCarthy: Objection.
 {¶ 31} "A. I'm not sure legally. From a common sense standpoint, it makes sense to me." Deposition of Michael Barnaba at 23-24.
 {¶ 32} With respect to Wright's bankruptcy filing, Barnaba testified during his deposition as follows:
"Q. Now, knowing those dates, are you still of the position that Nathaniel Greene somehow damaged or impaired your subrogation rights with respect to this bankruptcy filing?
 {¶ 33} "Mr. McCarthy: Objection.
 {¶ 34} "A. I don't see it based on what I know.
 {¶ 35} "Q. All right. So what you're saying to me, so the record is clear, is that Nathaniel Greene did not violate the subrogation rights of Travelers as it relates to this bankruptcy filing of James Wright; is that correct?
 {¶ 36} "Mr. McCarthy: Objection.
 {¶ 37} "A. Legally I don't know, but from a common sense standpoint, it doesn't appear so.
 {¶ 38} "Q. All right. From your view as a claims adjuster, you would agree with that statement; correct?
 {¶ 39} "Mr. McCarthy: Objection.
 {¶ 40} "A. As a claims person.
 {¶ 41} "Q. Is that a "yes"?
 {¶ 42} "A. Yes.
 {¶ 43} "Q. I didn't mean to cut you off when I asked you about all the actual prejudices. You started by saying the medical malpractice case, then you went to the bankruptcy. We've talked about those two. Is there any other fact that you are aware of, Mike, that supports any other claimed actual prejudice to the Travelers at the hands of Nathaniel Greene?"A. I can't think of any." Deposition of Michael Barnaba at 33-34. Clearly, since Nathaniel Greene, a minor, has never settled with the tortfeasor, appellant's right to subrogation was never compromised or prejudiced.
 {¶ 44} Based on the foregoing, we find that appellee did not violate any subrogation and prompt notice conditions and that, therefore, Nathaniel Greene is entitled to UIM coverage under both the business auto and umbrella policies issued by appellant to Rainbow Home Rentals.
 {¶ 45} For the foregoing reasons, appellant's two assignment of error are overruled.
 {¶ 46} Accordingly, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Judgment affirmed.
Hoffman, P.J. concurs.
Farmer, J. dissents.
[1] We note that late notice creates a rebuttable presumption of prejudice to the insurer. Ruby v. Midwestern Indemn. Co. (1988),40 Ohio St.3d 159, 532 N.E.2d 730.
[2] A copy of Michael Barnaba's deposition testimony is attached to appellee's February 11, 2002, memorandum in opposition to the motions for summary judgment filed by appellant, among others.
[3] Since Nathaniel Greene is a minor, the statute of limitations for his claims expires on July 28, 2011.